**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| THOMAS K. FRANCO, JR., | ) | |
| Plaintiff, | ) | 2:09-CV-01333-PMP-PAL |
| vs. | ) | **ORDER** |
| HOWARD SKOLNIK, et al., | ) | |
| Defendants. | ) | |

Before the Court for consideration is Defendants' fully briefed Motion to Dismiss (Doc. #10), filed on June 4, 2010, on behalf of Howard Skolnik, Anthony Scillia, and Dr. R. Bannister, and good cause appearing, the Court find's Defendants' motion must be granted.

Specifically, Plaintiff's Complaint fails to state a claim upon which relief can be granted against the three moving Defendants, because liability under § 1983 arises only upon a showing of personal participation by the Defendant in the alleged constitutional deprivation. Here the three Defendants are supervisors, but Plaintiff's Complaint fails to set forth plausible facts which if proved at trial would support a finding that said Defendants personally participated in the alleged deprivations. Accordingly, Defendants Howard Skolnik, Anthony Scillia, and Dr. R. Bannister, are entitled to qualified immunity.

///

**IT IS THEREFORE ORDERED that** Defendants' Motion to Dismiss (Doc. #10), filed on behalf of Howard Skolnik, Anthony Scillia, and Dr. R. Bannister, is **GRANTED**.

It further appearing that Plaintiff has failed to affect service on Defendant Dr. D. Mumford, and it further appearing that the allegations in Plaintiff's Complaint with regard to Dr. D. Mumford are similar to those asserted against the other three Defendants in this case and thus are infirm for the same reason, and good cause appearing,

**IT IS ORDERED that** Plaintiff's Complaint is also **DISMISSED** as to Dr. D. Mumford, and that Plaintiff's Complaint is hereby **DISMISSED** in its entirety.

DATED: September 8, 2010.

_____
PHILIP M. PRO
United States District Judge